UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNARIK AGURYAN,<br>    Plaintiff,<br>  v.<br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br>    Defendant. | Case No. CV 12-8745 JC<br><br>MEMORANDUM OPINION |

## I.  SUMMARY

On October 16, 2012, plaintiff Knarik Aguryan ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; October 24, 2012 Case Management Order ¶ 5.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 23, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits.  (Administrative Record ("AR") 182, 189).  Plaintiff asserted that she became disabled on September 30, 2009, due to HBP, fatigue, headaches, back pain, pain in both legs, joint pain, depression, nervousness, insomnia, crying spells, diabetes, hypothyroid, chronic fatigue, and fibromyalgia.  (AR 19, 222).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by an Armenian language interpreter) on January 12, 2011, and also heard testimony from plaintiff, an impartial medical expert (Dr. Harvey Alpern) and a vocational expert on May 18, 2011.  (AR 44-82).

On May 27, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 19-30). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  Hashimoto's thyroiditis, a nodule parathyroid adenoma, obesity, and a herniated lumbar disc (AR 22); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 24-25); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b),

///
///

---

[2]The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

416.967(b))³ (AR 25); (4) plaintiff could perform her past relevant work as a General Clerk (AR 28-29); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 28).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

---

³The ALJ determined that plaintiff: (i) could perform light work; (ii) could occasionally engage in postural activities; and (iii) could not climb ropes or ladders. (AR 25).

|   |     |                                                                                   |
|---|-----|-----------------------------------------------------------------------------------|
| (3) | | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| (4) | | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Severity of Plaintiff's Impairments

#### 1. Pertinent Law

At step two of the sequential evaluation process, plaintiff has the burden to present evidence of medical signs, symptoms and laboratory findings[4] that establish a medically determinable physical or mental impairment that is severe, and that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1520, 416.920. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two where "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." Id. (quoting SSR 96-4p).

---

[4] A medical "sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques[.]" Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-4p). A "symptom" is "an individual's own perception or description of the impact of his or her physical or mental impairment(s)[.]" Id. (quoting SSR 96-4p; see also 20 C.F.R. §§ 404.1528(a)-(b), 416.928(a)-(b).

5

1    Step two is "a de minimis screening device [used] to dispose of groundless
2 claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Applying the
3 normal standard of review to the requirements of step two, a court must determine
4 whether an ALJ had substantial evidence to find that the medical evidence clearly
5 established that the claimant did not have a medically severe impairment or
6 combination of impairments.  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)
7 (citation omitted); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)
8 ("Despite the deference usually accorded to the Secretary's application of
9 regulations, numerous appellate courts have imposed a narrow construction upon
10 the severity regulation applied here.").  An impairment or combination of
11 impairments can be found "not severe" only if the evidence establishes a slight
12 abnormality that has "no more than a minimal effect on an individual's ability to
13 work." Webb, 433 F.3d at 686 (citation omitted).

14       **2.    Analysis**

15    Plaintiff contends that a reversal or remand is warranted because the ALJ
16 failed to find "upper extremity neuropathy" as one of plaintiff's severe physical
17 impairments at step two of the sequential evaluation process.  (Plaintiff's Motion
18 at 2-3).  The Court disagrees.
19    First, plaintiff's treating physician, Dr. Samuel A. Malayan, did not, as
20 plaintiff asserts, find that plaintiff had "upper extremity neuropathy confirmed by
21 electrodiagnostic studies." (Plaintiff's Motion at 2) (citing AR 103-04, 490).  In a
22 Medical Source Statement – Physical dated October 18, 2010, Dr. Malayan
23 diagnosed plaintiff with, among other things, "polyneuropathy of lower
24 extremities." (AR 489) (emphasis added).  Moreover, nothing in the Medical
25 Source Statement indicated that Dr. Malayan based any of his opinions on the
26 Upper Extremity Neuroconduction Study plaintiff references in the record.  (AR
27 403-04 [Exhibit 5F]).  Indeed, it was a different treating physician – Dr. Armine
28 ///

Nazaryan – who supplied the nerve study in the record. (See AR Court Transcript Index referencing Exhibit No. 5F).[5]

Second, even so, as discussed below, the ALJ rejected the opinions of Dr. Malayan for clear and convincing, specific and legitimate reasons based on substantial evidence. Thus the ALJ was not required to account for any impairments contained in the October 18, 2010 Medical Source Statement. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he rejects "significant probative evidence.") (citation omitted).

Finally, to the extent plaintiff contends that "clinical" and "electrodiagnostic evidence" in the record reflects that upper extremity neuropathy is one of plaintiff's severe impairments, the Court will not second guess the ALJ's reasonable determination to the contrary, even if such medical evidence could give rise to inferences more favorable to plaintiff. See Robbins, 466 F.3d at 882.

Accordingly, a remand or reversal on this basis is not warranted.

**B.     The ALJ Properly Evaluated the Medical Opinion Evidence**

   **1.     Pertinent Law**

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A

---

[5]Dr. Nazaryan, who completed a "Medical Source Statement – Physical" form on December 15, 2009 – five days after she had last seen plaintiff and less than a month before the nerve conduction study was performed on January 4, 2010 – did not suggest that plaintiff had any limitations in her ability to reach, handle, finger or feel. (AR 407-08).

7

treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[6] See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted).  The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id.  (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion).  "The ALJ must do more than offer his

---

[6]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

### 2. Pertinent Facts

On October 18, 2010, Dr. Malayan, one of plaintiff's treating physicians, completed a "Medical Source Statement – Physical" form in which he diagnosed plaintiff with degenerative disc disease (lumbar spine), degenerative joint disease (lower extremities), polyneuropathy of lower extremities, fatigue, weakness and thyroiditis, and checked boxes indicating that plaintiff could (i) occasionally lift 10 pounds and frequently lift less than 10 pounds; (ii) stand and/or walk at least two hours in an eight-hour workday; (iii) sit six hours out of an eight-hour workday; (iv) never climb, and occasionally balance, stoop, kneel, crouch and crawl; and (v) occasionally reach, handle, finger and feel (collectively "Dr. Malayan's Opinions"). (AR 489-90).

### 3. Analysis

Plaintiff contends that a remand or reversal is warranted because the ALJ failed properly to consider Dr. Malayan's opinion that plaintiff was limited to occasional reaching, handling, fingering and feeling. (Plaintiff's Motion at 2-3) (citing AR 403-04, 490). The Court disagrees.

First, the October 18, 2010 form Dr. Malayan submitted contained only check-the-box opinions. (AR 489-90). As the ALJ noted, Dr. Malayan failed to explain the specific objective findings or clinical observations underlying his opinion that plaintiff was limited to occasional reaching, handling, fingering and feeling. (AR 27, 489-90). The ALJ properly rejected Dr. Malayan's Opinions on this basis alone. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("ALJ [] permissibly rejected [psychological evaluation forms] because they were check-off

9

reports that did not contain any explanation of the bases of their conclusions."); see also De Guzman v. Astrue, 343 Fed. Appx. 201, 209 (9th Cir. 2009)[7] (ALJ "is free to reject 'check-off reports that d[o] not contain any explanation of the bases of their conclusions.'") (citing id.); Murray v. Heckler, 722 F.2d 499, 501 (9th Cir. 1983) (expressing preference for individualized medical opinions over check-off reports).

Second, the ALJ also properly rejected Dr. Malayan's Opinions because they were not supported by the physician's own notes or the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, as the ALJ noted, Dr. Malayan did not reference any objective clinical findings or observations in his treatment notes for plaintiff which supported limitations in plaintiff's ability to manipulate her upper extremities. (AR 27, 289-317, 490-511, 527-33).

Finally, the ALJ properly rejected Dr. Malayan's Opinions in favor of the conflicting opinions of the state-agency examining physician, Dr. Homayoun Saeid, and the testifying medical expert, Dr. Harvey Alpern – neither of whom found any manipulative limitations for plaintiff. (AR 53-59, 512-25). The opinion of Dr. Saeid was supported by the physician's independent examination of plaintiff (AR 512-25), and thus, without more, constituted substantial evidence upon which the ALJ could properly rely to reject the treating physician's opinions. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative

---

[7] Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Dr. Alpern's testimony also constituted substantial evidence supporting the ALJ's decision since it was supported by the other medical evidence in the record as well as Dr. Saeid's opinion and underlying independent examination.  See Morgan, 169 F.3d at 600 (testifying medical expert opinions may serve as substantial evidence when "they are supported by other evidence in the record and are consistent with it").

Accordingly, a remand or reversal is not warranted on this basis.

## V.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  February 27, 2013

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE